UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMPAIGNZERO, INC., an Illinois Not for Profit, corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAYWOKE INC., a Delaware corporation; AND WE THE PROTESTERS, INC., A DELAWARE CORPORATION.<br><br>Defendants. | No. 20-cv-06765<br><br>Honorable Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

CampaignZERO Inc. (Plaintiff) filed suit against StayWoke, Inc. (StayWoke) and We The Protesters, Inc. (We The Protestors, and collectively with StayWoke, Defendants), asserting several causes of action stemming from Defendants' alleged unauthorized use of Plaintiff's trademark. Plaintiff has filed a motion for preliminary injunction and now moves the Court for expedited discovery. R. 14, Mot. Prelim. Inj.; R. 18, Mot. Expedited Disc.[1] For the reasons stated below, the Court grants in part and denies in part Plaintiff's motion for expedited discovery.

**Background**

Plaintiff is a not-for-profit organization, which since 2009 has offered services and goods under the CAMPAIGNZERO trademark aimed at educating hospital patients about preventable harms and ways to avoid such harms. R. 1, Compl. ¶¶ 2,

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

14, 21. StayWoke is a not-for-profit organization that is engaged in the work of advancing equity and justice in America. *Id.* ¶ 46; R. 15-2, Frick Decl. ¶ 3. We The Protestors is a national not-for-profit organization focused on ending racism and police violence in the United States. Frick Decl. ¶ 4. Plaintiff maintains that Defendants have used Plaintiff's CAMPAIGNZERO mark in connection with their services. Compl. ¶ 1. According to Plaintiffs, Defendants' unauthorized use of the CAMPAIGN ZERO mark has resulted in confusion and the confusion damaged Plaintiff's goodwill. *Id.* ¶ 3.

On November 13, 2020, Plaintiff filed a complaint against the Defendants asserting claims for: (a) unfair competition in violation of Section 43(a) of the Lanham Act; (b) common law trademark infringement; (c) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 5/102, and (d) cancellation of StayWoke's United States Registration for the CAMPAIGN ZERO mark. Compl. ¶¶ 1, 90–119.

Plaintiff also simultaneously filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking to enjoin Defendants from using Plaintiff's CAMPAIGNZERO mark. R. 6. The Court denied this motion, finding that Plaintiff failed to articulate the nature of the emergency warranting a temporary restraining order. R. 10.

On November 23, 2020, Plaintiff filed a Motion for Preliminary Injunction. Mot. Prelim. Inj. Plaintiff seeks, among other things, to enjoin Defendants from using the CAMPAIGN ZERO trademark.

The next day, Plaintiff filed a Motion for Expedited Discovery. Mot. Expedited Disc. Attached as exhibits to the motion were Plaintiff's proposed discovery requests, namely interrogatories and request to produce documents. Mot. Expedited Disc, Exhs. A–B.

## Legal Standard

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order." FED. R. CIV. P. 26(d). Expedited discovery is not the norm. *Merrill, Lynch, Pierce, Fenner & Smith v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill 2000). The party seeking expedited discovery has the burden of establishing good cause for such a need. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). District courts in this Circuit evaluate a motion for expedited discovery by considering the entirety of the record and the reasonableness of the request in light of the surrounding circumstances. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill 2011). In deciding a motion for expedited discovery, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery sought; (3) the purpose of requesting expedited discovery; (4) the burden on the opposing party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.* It is within this framework that the Court analyzes Plaintiff's motion for expedited discovery.

**Discussion**

Plaintiff argues that in order to provide the Court with a more complete record of Defendants' unauthorized actions, the extent of the actual confusion, the resulting harm, as well as the balancing of the hardships, the Court should allow Plaintiff limited and targeted discovery. Mot. Expedited Disc. Defendants oppose Plaintiff's motion, arguing that Plaintiff has failed to carry its burden to establish that the proposed discovery is narrowly tailored, the expedited discovery relates to the preliminary injunction motion, and that the discovery would not be burdensome on Defendants. R. 25, Resp. to Mot. Expedited Disc. Considering the factors, the Court finds that Plaintiff has established its burden as to some, but not all, of its proposed interrogatories and requests for production.

At the outset, it is undisputed that Plaintiff has a pending motion for preliminary injunction. That alone, however, does not entitle a party to expedited discovery. While Plaintiff's proposed discovery is limited in terms of the number of requests to produce documents (12) and interrogatories (10), much of the information sought is broad. The Court therefore narrows the interrogatories and requests for production that Plaintiff may issue on an expedited basis.

Much of the evidence Plaintiff has currently presented to the Court supporting consumer confusion relates to correspondence and donations sent to *Plaintiff* intended for *Defendants*. *See* Mot. Expedited Disc. ¶¶ 11–12; R. 28, Am. Curtiss Decl. ¶¶ 3–10. It is not now clear how such confusion harms Plaintiff. But, without limited expedited discovery, Plaintiff does not have access to records showing the inverse—

4

donations or correspondence sent to *Defendants* intended for *Plaintiff*. The Court agrees with Plaintiff that such information is reasonably related to Plaintiff's motion for a preliminary injunction, in that it supports the extent of the actual confusion and the resulting harm to Plaintiff. Therefore, Plaintiff has established that there is good cause for limited expedited discovery related to this topic. The Court has reviewed Plaintiff's proposed discovery and finds that Proposed Interrogatories Nos. 1–4[2] and Proposed Requests for Production Nos. 5–8 are narrowly tailored and are appropriate to issue on an expedited basis to support Plaintiff's motion for a preliminary injunction. Nothing in this Order is to be interpreted as a determination by the Court as to the relevance of the remaining discovery.

The narrowed discovery—now consisting of four interrogatories and four requests for production—will not impose a significant burden on Defendants. And Plaintiff's proposed deadline for Defendants to respond to the expedited discovery within fourteen calendar days is not unreasonable.

As Plaintiff raised no objection to Defendants conducting similarly limited and targeted discovery to support their objection to the preliminary injunction motion, Defendants are granted leave to issue similarly limited and narrowly-tailored expedited discovery. Mot. Expedited Disc. ¶ 24; Resp. to Mot. Expedited Disc. At 12–13.

---

[2]To state the obvious, Interrogatories Nos. 2–4 are limited to instances of confusion related to Defendants' use of the CAMPAIGN ZERO trademarks and *Plaintiff's* CAMPAIGNZERO trademark.

5

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for expedited discovery. By December 7, 2020, Plaintiff is to serve Defendants with its expedited discovery requests, which may consist of Proposed Interrogatories Nos. 1–4 and Proposed Requests for Production Nos. 5–8. Defendants must respond to the expedited discovery requests by December 21, 2020. By December 9, 2020, Defendant is to serve any similarly limited and targeted discovery requests on Plaintiff. Plaintiff must respond to Defendants' expedited discovery requests by December 23, 2020.

The Court enters the following briefing schedule on Plaintiff's preliminary injunction motion: Plaintiff is to file any amended brief in support of its motion for a preliminary injunction by January 6, 2021; Defendants are to respond by January 27, 2021; and Plaintiff is to reply by February 3, 2021. A telephonic status hearing is set for February 23, 2021 at 10:00 a.m.

Franklin U. Valderrama
United States District Judge

DATED: December 4, 2020

6