IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMPAIGNZERO, INC., | ) | |
| an Illinois Not For Profit Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 6765 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| STAYWOKE, INC. a Delaware Corporation, | ) | |
| and WE THE PROTESTORS, INC, | ) | |
| a Delaware Corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants' "Motion to Compel Discovery and for an Extension of Time" [Dkt. #35] deals with three document requests, two interrogatories, and Judge Valderrama's Order setting the parameters of discovery.[1] The Motion's innocuous title is followed immediately by the assertion that the Motion "seeks relief in connection" with what the Motion characterized as Plaintiff's "willful and brazen disregard of its discovery obligations." [Dkt. #35]. Needless to say, the plaintiff has a very different view of things. In any event, the defendants' charges of misconduct have resulted in well over 200 pages of filings from the defendants. [Dkt. ##35, 46].[2] For the following reasons, the

___

[1] While plaintiff – a rather small, few-person, non-profit entity – has produced 140 pages of documents – defendants, We the Protesters and StayWoke – organizations of, according to their websites, "thousands of learners, builders, and activists" – have produced 240 pages. Thus, perhaps one may question whether the comparative productions warrant the conclusion that the production of 140 pages by one party is inadequate, while 240 pages from an apparently larger party constitutes a complete and sufficient production.

[2] Two weeks after defendants filed their Motion to Compel, the parties' Joint Status Report indicated
(continued...)

defendants' motion [Dkt. #35] is granted in part and denied in part.

**A.**

Any ruling on the present discovery contentions should consider what Judge Valderrama determined was appropriate material for expedited discovery. Here is what he said:

> Much of the evidence Plaintiff has currently presented to the Court supporting consumer confusion relates to correspondence and donations sent to Plaintiff intended for Defendants. It is not now clear how such confusion harms Plaintiff. But, without limited expedited discovery, Plaintiff does not have access to records showing the inverse—donations or correspondence sent to Defendants intended for Plaintiff. The Court agrees with Plaintiff that such information is reasonably related to Plaintiff's motion for a preliminary injunction, in that it supports the extent of the actual confusion and the resulting harm to Plaintiff. Therefore, Plaintiff has established that there is good cause for *limited expedited discovery related to this topic*. The Court has reviewed Plaintiff's proposed discovery and finds that Proposed Interrogatories Nos. 1–42 and Proposed Requests for Production Nos. 5–8 are narrowly tailored and are appropriate to issue on an expedited basis to support Plaintiff's motion for a preliminary injunction.
>
> As Plaintiff raised no objection to Defendants conducting similarly limited and targeted discovery to support their objection to the preliminary injunction motion, Defendants are granted leave to issue *similarly limited and narrowly-tailored* expedited discovery.

[Dkt. #29, at 4-5](emphasis added).

As I read his Opinion, the discovery Judge Valderrama allowed was limited, not surprisingly, to what is relevant to actual confusion and resulting harm. The first contention involves Interrogatory No. 3:

> 3. Identify the amount of donations, if any, that Plaintiff has lost as a result of Defendants' alleged conduct described in the Complaint and/or Motions, and, for such amount, (a) set forth the manner in which such amount was computed, and (b) Identify all Documents Concerning such computation.

---

[2](...continued)
inaccurately that they foresaw no special issues in discovery. [Dkt. #42, at 5].

Plaintiff complains that the interrogatory is clearly directed to damages "computation," not incidents of actual confusion. According to plaintiff, that exceeds the scope of discovery Judge Valderrama authorized. But the Order clearly allowed for discovery relevant to harm claimed to have been suffered by plaintiff. Thus, the plaintiff must respond.

As for the document requests at issue – although it is somewhat difficult to discern given the dissimilar manner in which the parties have organized their presentations – the dispute seems to concern the claimed failure to have produced any documents at all in response to Document Request No. 2, and not enough documents in response to Document Requests Nos. 1, 3, 4, and 5. We start with the major point of contention, Document Request No. 2:

> 2. Documents sufficient to show any increases or declines in donations received by Plaintiff from May 2020 to December 2020 as compared to previous periods, including, without limitation, . . . (b) Plaintiffs projections or budgets for anticipated donations for the May 2020 to December 2020 period, (c) the total amount in donations received by Plaintiff on an annual basis for each calendar year since Plaintiff commenced operations, and (d) the total amount in donations received by Plaintiff from May to December for each calendar year since Plaintiff and commenced operations.

Plaintiff's objection to this request is based on the theory that an "absence of a decline in donations does not refute the fact that actual confusion is occurring." But that fact cannot be viewed in isolation. Thus a possible absence of decline in donations is but one component of the overall analysis of claimed confusion, and the interpretation of that fact may be influenced and explained by other incidents of discovery. Moreover, an absence of a decline in donations would, at the least go to the harm, if any, plaintiff claims to have suffered and a likelihood of comparative harms, which is a proper subject for analysis. And that is within Judge Valderrama's discovery Order.

Requests 1 and 5 ask for:

3

1. Documents and Communications Concerning the instances of purported confusion referenced in the Complaint or Motions, including, without limitation, those referenced in paragraphs 3, 63-68 and 70-71 of the Complaint, paragraphs 27-34 and 36-37 of the November 20, 2020 Declaration of Karen Curtiss (Dkt.No.15-1), and paragraphs 3-5 and 9-10 of the December 2, 2020 Declaration of Karen Curtiss (Dkt.No.28).

\* \* \*

5. Documents and Communications prior to May 2020 Concerning Defendants, their "CampaignZero" project, and/or their use of the Mark.

Request 1 is within the bounds of Judge Valderrama's Order, as is Request 5, although less clearly. The real issue, however, seems to be (as it often is) how much plaintiff did to locate responsive documents. For one thing, the plaintiff's search for documents was conducted by and limited to its founder, Ms. Curtiss. That seems inadequate on two levels. First, given the settings of most modern business and charitable entities, it would seem that a document search conducted by only one person may be suspect. Second, given the general overall complexity of modern business and charitable entities, searches ought be conducted under the general guidance of counsel. Demands for information are often not fully intelligible to non-lawyers, who cannot be expected to understand concepts of relevancy and proportionality, to name but two concepts critical in evaluating discovery and its proper responses. Counsel's guidance and ultimate oversight, is therefore necessary in "order that there [can] be confidence that there has been appropriate compliance with the discovery provisions of the Federal Rules of Civil Procedure. Counsel's general supervision and overall instruction will help to assure that the goal of the Rules will best be accomplished, and that discovery will serve its ultimate purpose of [aiding in the search for truth]." *H Guys, LLC v. Halal Guys Franchise, Inc.*, 2020 WL 3578026, at \*5 (N.D. Ill. 2020).

Second, a document search cannot automatically be limited to an organization's founder, no matter how small the organization is. The test is not whether a party is staffed largely by volunteers, but whether the sought after materials are within the ultimate custody and control of the party from whom the documents are sought. Plaintiff has a Leadership Team of Ms. Curtiss, Mary Foley, Sue McWilliams. It cannot be assumed that the plaintiff's founder had their knowledge of the plaintiff's organization, and thus it cannot be assumed that given the circumstances that exist here there was a comprehensive and adequate search of the organization's records. It does not matter if a party's – any party's – attorney *speculates* that it is "not likely" that volunteers will have any documents. [Dkt. #40, at 11]. Speculation is never enough to carry the day in any context, *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007); *United States v. Landry*, 257 F.2d 425, 531 (7th Cir. 1958), let alone in the adversarial context of litigation. Phrased differently, "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). *Accord Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020); *Miller v. Lehman*, 801 F.2d 492, 500 (D.C. Cir. 1986)(Edwards, J., concurring)("However, a party's position is not legally infirm because his opponent says so.").

In sum, it is not sufficient to posit that a non-profit organization does not have the legal right to obtain that organization's documents from "volunteers," even highly placed "volunteers." To conclude otherwise would essentially immunize organizations staffed by volunteers from a good deal of otherwise revealing and otherwise proper discovery. Accordingly, for the purposes of the present dispute, I find that merely because a party may have a number of volunteers does not exempt the party from otherwise proper discovery. *See, e.g., DR Distributors, LLC*, 2021 WL 185082, at *25

(N.D. Ill. 2021)(volunteer agent's documents were in the possession, custody, or control of the organization). *Cf.* Restatement (Second) of Agency § 225 (1958)("One who volunteers services without an agreement for or expectation of reward may be a servant of the one accepting such services."). Indeed, in *Beul v. ASSE Int'l, Inc.*, 233 F.3d 441, 444 (7th Cir. 2000), the court emphasized that "the liability...of a 'master' for the torts of his 'servant'" extends to situations in which "the servant is not an employee, provided that he is acting in a similar role, albeit as a volunteer."[3]

However, in response to defendants' desire to bring interns into the search and given Rule 26(b)(1)'s emphasis on proportionality, that would be going too far. However, I believe that Ms. Curtiss, Ms. Foley, and Ms. McWilliams are appropriate subjects of the Request.[4]

---

[3] *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 838–39 (7th Cir. 2014) did not hold that requests for documents from an organization largely staffed by volunteers was necessarily and always impermissible. It merely held that in that case there was no abuse of discretion where, after five years of discovery, the district court found that a request to the entity for documents largely in the possession of volunteers was inappropriate. *Id*. at 838. Aside from the fact that the district court's decision involved discovery and thus an exercise of discretion, here, the plaintiff has not even asked whether its "volunteers" would turn the materials over either directly to the defendant or to the plaintiff.

The question in cases like the one at hand is not simply whether a party has volunteers on its staff but whether it has adequate control over the documents to compel discovery. The Court of Appeals emphasized that review of a district court's discretionary decision is necessarily deferential and will only be overturned for an abuse of discretion, *Id.* at 838, which rarely occurs. Ultimately, the question is one of the degree of control over the documents possessed by the recipient of the discovery inquiry. In this case and at this point, that question should be answered in the affirmative.

[4] The concept of proportionality did not make its first appearance in the Federal Rules of Civil Procedure with the 2015 Amendments. It originally appeared as part of Rule 26(b)(2)(C)(iii). *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. 2016); *Certain Underwriters at Lloyds v. Nat'l RR Passenger Corp.,* 318 F.R.D. 9, 14 (E.D.N.Y. 2016). Renumbering the proportionality requirement and placing it in Rule 26(b)(1) was designed to put a greater emphasis on the need to achieve proportionality than was thought to previously have existed given its placement in the structure of Rule 26. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016). *See Boehringer Ingelheim Pharma GMBH & Co. KG v. Teva Pharm. USA, Inc.*, 2016 WL 11220848, at *3 (D.N.J. 2016). *See* the lengthy and informative discussion
(continued...)

That leaves Requests 3 and 4:

3. Documents and Communications Concerning Plaintiffs corporate formation, dissolution, and intellectual property asset transfers, including, without limitation, (a) Documents and Communications Concerning the dissolution of CampaignZERO, LLC, (b) Documents and Communications Concerning CampaignZERO, Inc.'s incorporation as a non-profit entity, and (c) Documents and Communications Concerning the transfer of rights in and to the Mark and/or in and to intellectual property assets generally between or among CampaignZERO, Inc. and any of its predecessor entities (including, without limitation, CampaignZERO, LLC).

4. All registrations, renewals, reports, and similar such Documents filed by Plaintiff with any state agencies or administrative bodies regarding the solicitation of donations, including, without limitation, all Documents filed pursuant to the South Carolina Solicitation of Charitable Funds Act, S.C.CodeAnn.§33-56-30 and Illinois Solicitation for Charity Act 225 ILCS 460/2, and all permissions, authorizations, certifications, and similar such Documents received from state agencies or administrative bodies regarding the solicitation of donations.

It is not apparent that either request is within the boundary of "actual confusion and the resulting harm to Plaintiff." At the very least, reasonable minds may differ. Judge Valderrama's ruling was prompted by plaintiff's motion for discovery, which included requests for discovery relevant to defendants' knowledge of plaintiff's trademark. *See* [Dkt. #18, Interrogatories 1-4; Document Requests 5-7]. Judge Valderrama rejected plaintiff's request as to these types of topics, which were opposed by the defendants as unduly burdensome and overly broad for reasons including the lack of any time frame. [Dkt. #24, at 8-10]. Defendants' stance on these types of requests when directed to them, and Judge Valderrama's ruling accepting defendants' argument, forecloses defendants' attempts to get discovery along the same lines. Defendants may, of course, work something out with the plaintiff as to these requests in exchange for providing plaintiff with

---

[4](...continued)
in Linda Simard, *Seeking Proportional Discovery: The Beginning of the End of Procedural Uniformity in Civil Rules*, 71 Vanderbilt L.Rev., 1919 (2018).

discovery on a similar topic; but, as things now stand, this portion of their motion must be denied.

**B.**

While the defendants' Motion to Compel [Dkt. #35] is granted in part and denied in part, an award of fees would be inappropriate in connection with the present motion. Ours is an adversary system which often seems inconsistent with the requirement that there be cooperative efforts of counsel in attempting to resolve complicated or uncertain discovery disputes. But that view of the adversary system improperly fails to recognize that lawyers, as we are reminded time and again, have affirmative duties to cooperate with opposing counsel as a colleague in the preparation of the case for trial. Zealous representation is not inconsistent with a collegial and cooperative relationship with opposing counsel in discovery. The absence of respect and cooperation that unfortunately marks all too much of modern practice is a spiraling problem – much of which is avoidable. *Pioneer Drive LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 554 (D.Mont. 2009).

Nothing we have said is meant in any way to minimize the important missions of the parties or the gravity of their dispute. But perhaps a bit more flexibility and cooperation might have enabled both sides to properly prepare for a preliminary injunction hearing without sacrificing anything of moment or substance. Indeed, this entire case, which appears to be about the possibility of perhaps six months of some degree of confusion – how much, if any, remains to be seen – over the two organization's websites [Dkt. # Pars. 64-81], would not seem to be one in which five briefs and 230 pages of filings should already have been devoted to disagreements over what appears to be *preliminary* discovery. [Dkt.## 18, 24, 35, 40, 46]. It should not be forgotten that under Rule 26(b)(1), discovery must be "proportional to the needs of the case." *See supra.* "Proportionality, like other concepts, requires a common sense and experiential assessment." *Generation Brands, LLC v.*

8

*Decor Selections, LLC*, 2020 WL 6118558, at *4 (N.D. Ill. 2020).

## CONCLUSION

For the foregoing reasons, the defendants' Motion to Compel [Dkt. #35] is granted in part and denied in part. The plaintiff shall comply with this Order within 21 days, and since plaintiff has not objected, the documents that are to be produced under this Order shall be produced in the format requested by defendants. *See* Fed.R.Civ.P. 34(b)(2)(E)(ii). The schedule for the preliminary injunction hearing and related briefing will be discussed at the next status hearing unless counsel seek to have the matter scheduled before then in which case they should file a motion with a recommended date. However, for the reasons adverted to earlier, an award of fees is inappropriate in connection with the present motion and at this stage of the case. *See supra* at 7-8.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/17/21

9